# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| Donna Lytle,<br><br>   Plaintiff,<br><br> v.<br><br>Capital One Bank (USA), N.A.,<br><br>4851 Cox Road<br>Glenn Allen, VA 23060<br><br>   Defendant. | Civil Action No. 3:18-cv-805 |

## COMPLAINT

NOW COMES Plaintiff, Donna Lytle ("Plaintiff"), through her attorneys, and hereby alleges the following against Defendant, Capital One Bank (USA), N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C § 1391(b)(1) because Defendant has its principal place of business in Glen Allen, Virginia.

## PARTIES

4. Plaintiff is a natural person residing in Dakota County, in the town of Vermillion, Minnesota and is otherwise *sui juris*. Defendant is a person, as defined by 47 U.S.C. §153 (39).

5. Defendant is a nationally chartered bank with its principal place of business in Glen Allen, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

8. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (651) XXX-8473.

9. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (800) 903-3637, (800) 955-6600 and (800) 729-2291.

10. On information and belief based on the great number of calls, their timing and frequency, and Defendant's prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

11. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Donna Lytle.

12. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. On or about November 28, 2017, the Plaintiff called Defendant's company at phone number (800) 903-3637, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

16. During the conversation on November 28, 2017, Plaintiff gave Defendant her phone number and social security number to assist Defendant in identifying her and accessing her account before asking Defendant to stop calling her cellular phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative November 28, 2017.

18. Despite Plaintiff's request to cease, Defendant continued making autodialed calls to Plaintiff after November 28, 2017.

19. Defendant continued to place collection calls to Plaintiff, at least, through late June 2018.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred nine (109) automated calls to Plaintiff's cellular phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Donna Lytle, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (109); $54,500.00;

30. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

31. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (109); $163,500.00;

32. Actual damages and compensatory damages according to proof at time of trial.

## ON ALL CAUSES OF ACTION

33. Litigation costs and reasonable attorneys' fees;

34. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

35. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: November 19, 2018

By:   **/s/Alexis A. Kokkinos**, Virginia Bar No. 87262
Attorney for Plaintiff
Attorney at Law
360 W. Ocean Blvd, #302
Long Beach, CA 90802
t: (562) 354-3053
f: (866) 219-5310
e: alexiskokkinosesq@gmail.com

By:   **/s/ Carlos C. Alsina Batista**
Carlos C. Alsina
Attorney for Plaintiff
*THE LAW OFFICES OF JEFFREY LOHMAN, P.C.*
4740 Green River Rd., Ste. 310
Corona, CA 92880
T: (657) 363-3331
F: (657) 246-1311
E: CarlosA@jlohman.com
*Pro Hac Vice* Application to follow